FILED

2009 MAR 23  AM 10: 21

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

**IN THE U.S. DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS, DIVISION**

| | |
|---|---|
| AXEL R. MEIER & CHRISTINE BAUMEISTER-MEIER PRO-SE | March 23, 2009 |
| **Plaintiffs** | 2:09-cv-169-FtM-29SPC |
| Vs | CASE NO. _____ |
| DEUTSCHE BANK TRUST OMPANY AMERICAS F/K/A BANKER'S TRUST' COMPANY AS TRUSTEE AND CUSTODIAN FOR GSAA 2006-2 AND JOHN DOE, UNKNOWN OWNER OF SECURITIZE NOTE | JOHN E. STEELE UNITED STATES DISTRICT JUDGE  SHERI POLSTER CHAPPELL U.S. MAGISTRATE JUDGE |
| **Defendant/s** | |

## COMPLAINT

Plaintiffs, bring this action seeking damages from Defendants, DEUTSCHE BANK TRUST COMPANY AMERICAS F/K/A BANKER'S TRUST COMPANY AS TRUSTEE AND CUSTODIAN FOR GSAA 2006-2 AND JOHN DOE, UNKNOWN OWNER OF SECURITIZED NOTE, for slander of title and attempting to foreclose on property in which defendants have no interest in. Because the original mortgage note that cannot be produced, Plaintiffs believe that Defendant's actions constituted fraud on the court thereby slandering Plaintiff's title.

## PARTIES

1. Plaintiffs:__ Axel R. Meier & Christine Baumeister-Meier reside at 1306 SW 13th Ter, Cape Coral FL 33991 subjuect property for: 9 years.

2. Defendant, Deutsche Bank Trust Company Americas, F/K/A Bankers Trust Company as Trustee and Custodian for GSAA 2006-2 is a federally chartered banking institution with offices at 60 Wall St., New York, New York, 10005-0010

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity of jurisdiction has been established because Defendant's principal place of business is in another state.

## FACTS RELATING TO SLANDER OF TITLE

4. Defendant identifies itself as Trustee for GSAS-2006-2 which is a trust created by the issuer of mortgage notes. Upon receiving mortgage notes, and including the note of the Plaintiffs the issuer created a SPV or as referred to a special purpose vehicle. This entity utilized the equity of the mortgage notes and subsequently created a pooling and services agreement.

5. Plaintiff cannot ascertain the specific duties of the Trustee which would surface in the pooling and services agreement. Upon, creation of the unit interests in the trust, investors were solicited to purchase units of the trust and would be treated as certificate holders.

6. Trustee would have a clause in the pooling and services agreement having the authority to issue certificates to book entry participants at such time as trustee would deem it appropriate for such. Book entry investors were never identified by name but merely assigned a number. Hence, investors with significant amounts of cash could surface and purchase interests in the trust without revealing their identity.

7. This clause in the pooling and services agreement would further illustrate to this court that identifying the true holder in due course is virtually an impossibility.

8. The investor/certificate holders were cautioned to insure that the purchase of these certificates were a true sale to insulate the investors from being deemed lenders in event of the bankruptcy of any note obligor. Plaintiff believes that if a true sale were conducted under SEC guidelines, then certificate holders had purchased an un-divided interest in subject notes.

9. By the nature of this agreement or creation of one type of instrument called the Special Purpose Vehicle, it becomes apparent that the note instrument has disappeared. This is critical when foreclosure cases are tried and the trustee informs the courts that they in fact are owners and holders of the subject note, but in the same document, ask the court to accept a lost note affidavit or petition the court to accept as evidence of the note a re-establishment of the note.

10. In cases where the consumer/defendant has no knowledge of the industry nor has any ability for representation, this fraud goes un-detected and un-challenged. The following cases clearly illustrate the frustration that the courts have had regarding this activity.

11. This action of where is the original note has raised eyebrows in many of the Federal Courts in other districts.  US District Central District of California, July 21, 2008 Nelson v. Empire Mortgage Co. et.al. Case SACV 08-0404 AG(RNBX) (N.D.Ohio,October 31, 2007 Judge Kathleen M O'Malley, Case#1:07 cv 1007 et.al. re: Foreclosure Actions.(S.D.Ohio, Nov 15, 2007, Case # 3:07 cv 043 et.al. Judge Thomase M. Rose. Lasalle Bank National Assn. v.Tapoicsany filed 09/28/2007 Case # 5:2007cv 02980 (N.D. Ohio Judge David Dowd Jr. Lasalle Bank National Assn v. Fordyce et.al. Filed 09/07/2007 cases# 5:2007 cv 02724 (N.D. Ohio Judge David Dowd Jr)

12. Plaintiff believes that absent the original note and the pooling and services agreement, Defendants are without standing as they are not the holders in due course nor owners of the purported debt instrument.

13. Plaintiff has not been afforded their rights under the Fair Debt Collection Practices Act U.S.C. 15 § 1692 in determining the accuracy and the claim of amount of money owed. Absent the master ledger, it would deem true validation of the amount claimed as owed a farce.

14. Plaintiff has had to inform interested purchasers of their property that due to the un-lawful actions of the defendant, ensuing litigation will have to be adjudicated and until such time the listed property was taken off of the market.

WHEREFORE: Plaintiff begs this Honorable Court for Judgment in the amount of $100,000 and sanctions against Defendants and Attorneys for Defendant for filing of action to foreclose without proof of ownership of note at time of filing. And for all other costs and relief that plaintiffs proves to be entitled to.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the above has been furnished by US Postal Service, Certified Return Receipt Requested on this 19th Day of March 2009 to:

SHAPIRO & FISHMAN LLP, 10004 N.Dale Mabry Highway, Suite 112, Tampa, FL 33618

_____
Axel R. Meier  Pro-Se

_____
Christine Baumeister-Meier Pro-Se

STATE OF FLORIDA
COUNTY OF LEE

I, certify that Axel R Meier & Christine Baumeister-Meier, who are personally known to be the persons whose names are subscribed to the foregoing instrument/s produced Florida Drivers Licenses
FL  M523-100-67-761-0
FL  M600-016-58-176-0                                                  with
expiration dates of :  07-21-2013    and   05-16-2012 as
identification personally appeared before me on:  March 19, 2009
and acknowledged that they are the persons so named.

_____
Dr.Klaus Uwe Kattkus
Notary Public, State of Florida

My commission expires: April 17, 2012