IN THE U.S. DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA
FORT MYERS, DIVISION

| | | |
|---|---|---|
| AXEL R. MEIER & CHRISTINE BAUMEISTER-MEIER PRO-SE<br>Plaintiffs | ) ) ) ) | April 20, 2009 |
| Vs | ) ) | CASE NO. 2:09-cv-169-FtM-29SPC |
| DEUTSCHE BANK TRUST COMPANY AMEIRCAS F/K/A BANKER'S TRUST' COMPANY AS TRUSTEE AND AND CUSTODIAN FOR GSAA 2006-2 AND JOHN DOE, UNKNOWN OWNER OF SECURITIZE NOTE | ) ) ) ) ) ) ) | |
| Defendant/s | ) ) | |

FILED 2010 APR 20 PM 2:22 U.S. DISTRICT COURT MIDDLE DISTRICT OF FLORIDA FORT MYERS, FLORIDA

**MORE DEFINITIVE AND PROOF OF DEFENDANT, PRODUCTION OF POOLING AND SERVICES AGREEMENT AND HOLDER IN DUE COURSE**

Comes now the Plaintiffs, Axel R. Meier & Christine Baumeister-Meier and upon recently discovered new evidence hereby asks this Honorable Court to judge this case on its merits and rule accordingly. Defendants hereby pray that this Honorable Court will hear the merits of this case and rule based on the facts and evidence as presented. Jurisdiction is established under diversity as, Defendant/s have citizenship in other states.

**PROOF OF DEFENDANT'S LEGAL STANDING**

1. Plaintiffs, after extensive research have been unable to determine the identity of the Defendant. Plaintiffs submit exhibit (1) of GSAS 2006-2 which identifies Defendant's as being a party to a class action lawsuit filed for violations of the Securities and Exchange Act of 1933.

2. Defendant, believes that in order to secure justice in this case, the true owner of the subject note should be identified and provide for this Court the actual note or a certified copy thereof.

3. Although, the action regarding Plaintiff has no bearing on this hearing, never the less, the confusion of identity is paramount for the Plaintiff's to determine what entity is the true holder in due course, enabling Plaintiff's to address issues that might come before this court.

### PRODUCTION OF POOLING AND SERVICING AGREEMENT

4. When Defendant is directed by this Court to provide the pooling and services agreement it enables the Plaintiff/s to view all addresses for service and warranties of all parties to the agreement.

5. Presentation of the pooling and services agreement will provide for this court, details of specific loan documents contained in each loan file that will be delivered to the Trustee or Document Custodian on behalf of the trust, establishing who holds the original Note and where it may be found.

6. The Plaintiff/s will be able to view the Master Ledger in order to determine whether the amount being claimed as owed is accurate according to 15 U.S.C. 1692 of the Federal Fair Debt Collection Practices Act.

7. By examination of the pooling and services agreement, the Plaintiff/s will be able to identify all parties that will determine standing, identify of sponsor, trustee's duties, master service and all primary and secondary servicers.

8. Plaintiff's assert their right to deal with the holder in due course in the event that an offer on our property which had been listed for sale were to become active.

9. Plaintiff/s demand that Defendants prove up their claim of indebtedness by production of original note and identity of all potential claimants, corporate entities, individuals, trusts, servicers, and any other legal entities that might claim any interest in purported note.

WHEREFORE: Plaintiff begs this Honorable Court for Judgment in the amount of $300,000 and sanctions against Defendants and Attorneys for Defendant for filing of action to foreclose without proof of ownership of note at time of filing. And for all other costs and relief that plaintiffs proves to be entitled to.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the above has been furnished by US Postal Service, Certified Return Receipt Requested on this 19th Day of April 2009 to:

HINSHAW & CULBERTSON LLC
Attn: Keith Thomerson
50 N. Laura Street Suite 4100
Jacksonville FL 32202

Axel R. Meier Pro-Se

Christine Baumeister-Meier Pro-Se