```
                     UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

AXEL R. MEIER; CHRISTINE BAUMEISTER-
MEIER,

                     Plaintiffs,

vs.                                Case No. 2:09-cv-169-FtM-29SPC

DEUTSCHE BANK TRUST COMPANY AMERICAS
as Trustee and Custodian for GSAA
2006-2 formerly known as Banker's
Trust Company; JOHN DOE unknown
owner of securitized note,

                     Defendants.
_____

## **OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #16) filed on April 5, 2010. In response, plaintiffs filed a "More Definitive and Proof of Defendant, Production of Pooling and Services Agreement and Holder in Due Course (Doc. #17) and "More Definitive and Objection to Motion to Dismiss" (Doc. #18) on April 20, 2010.

Defendant argues that subject-matter jurisdiction is lacking, and the Complaint fails to properly plead a cause of action. Plaintiffs seek to have the case decided on the merits, and seek $300,000, for defendant's slandering of the title on their home because defendant cannot establish it is the holder in due course of the mortgage. In light of plaintiff's *pro se* status, the Court takes all factual allegations in the Complaint (Doc. #1) as true,

and liberally construes those allegations. <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).

Plaintiff premises federal jurisdiction upon diversity of citizenship pursuant to 28 U.S.C. § 1332. (Doc. # 1, ¶ 3.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); <u>Morrison v. Allstate Indem. Co.</u>, 228 F.3d 1255, 1261 (11th Cir. 2000).

"In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. <u>Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.</u>, 561 F.3d 1294 (11th Cir. 2009); <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994); <u>Mas v. Perry</u>, 489 F.2d 1396, 1399 (5th Cir. 1974). Plaintiffs state that they "reside" in Cape Coral, Florida, but do not indicate their citizenship. (Doc. #1, ¶ 1.) This is insufficient to demonstrate diversity jurisdiction.

A corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business is determined by the "nerve center" test. <u>Hertz Corp. v. Friend</u>, 130 S. Ct. 1181, 2010 U.S. LEXIS 1897, at **28-29 (Feb. 23, 2010). Plaintiffs allege that defendant has offices in New York, New York,

and has a "principal place of business [ ] in another state", thus incompletely stating citizenship. (Doc. #1, ¶¶ 2-3.) Plaintiffs allege that defendant is a "federally chartered banking institution", which would defeat jurisdiction in this Court unless "the United States is the owner of more than one-half of its capital stock." 28 U.S.C. § 1349; <u>Federal Reserve Bank of Atlanta v. Thomas</u>, 220 F.3d 1235, 1240-1241 (11th Cir. 2000). Plaintiffs do not make this allegation to support jurisdiction over a federally chartered bank in federal court.

Additionally, although plaintiffs demand $100,000.00 in the Wherefore Clause, the allegations do not provide a factual basis to support the demand because it is unclear under what theory plaintiffs seek to proceed. Even if the Court were to find that plaintiffs are asserting a claim under a federal statute, <u>see</u> Doc. #1, ¶ 13 ("Plaintiff has not been afforded their rights under the Fair Debt Collection Practices Act"), which would provide federal jurisdiction under 28 U.S.C. § 1331, no allegations are set forth to support such a claim. To the extent that plaintiffs are seeking relief from this Court in conjunction with pending litigation in state court, this Court has no authority to interfere in such matters. <u>See</u> <u>Goodman v. Sipos</u>, 259 F.3d 1327, 1332 (11th Cir. 2001)(discussing <u>Rooker-Feldman</u> doctrine). As federal subject-matter jurisdiction is not properly alleged, the Court need not address the inadequacy of the allegations in the Complaint at this

time.  The motion to dismiss will be granted on the basis of jurisdiction with leave to amend.

As plaintiffs are proceeding *pro se*, the Court will take this opportunity to further advise plaintiffs of their obligations under Federal Rules of Civil Procedure 8 and 10 when filing an "Amended Complaint."  Pursuant to Rule 8, the "Amended Complaint" should provide a short and plain statement as to the grounds for jurisdiction, as to the claim showing that plaintiffs are entitled to relief, and the demand for relief.  In stating jurisdiction, plaintiffs must provide the basis for the demand for relief and whether it exceeds $75,000.  Pursuant to Rule 10, the allegations should be set forth in separate numbered paragraphs, "each limited as far as practicable to a single set of circumstances," and each claim "founded on a separate transaction or occurrence" must be stated in a separate "Count."  Further, Plaintiff must provide support in the statement of facts for the allegations in the counts to follow the factual statements.  More than conclusory and vague allegations are required to state a cause of action.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #16) is **GRANTED** and the Complaint is dismissed without prejudice for lack of federal jurisdiction.  Plaintiffs may file an Amended Complaint within **TWENTY-ONE (21) DAYS** of this Order in compliance

with the Court's instructions.  If no Amended Complaint is filed, judgment will be entered and the case will be closed without further notice.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of April, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Plaintiffs
Counsel of record