## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

AXEL R. MEIER; CHRISTINE BAUMEISTER-
MEIER,

                    Plaintiffs,

-vs-                                                        Case No.  2:09-cv-169-FtM-29SPC

DEUTSCHE BANK TRUST COMPANY
AMERICAS as Trustee and Custodian for GSAA
2006-2 formerly known as Banker's Trust
Company; JOHN DOE unknown owner of
securitized note,

                    Defendants.

_____

## **ORDER**

      This matter comes before the Court on The Defendant, Deutsche Bank and Trust Company

Americas f/k/a Banker's Trust as Trustee and Custodian for GSAA 2006-2's Motion for Enlargement

of Time or in the Alternative, Second Motion for Leave to File a Response to Plaintiff's Objection

to Motion to Dismiss (Doc. #45) filed on May 5, 2011.  The Court notes that there is no 3.01(g)

certification included in the Defendant's Motion.  Under the Local Rules of this District, a movant

must first confer with the opposing party to determine whether or not the requested relief is opposed.

The Local Rule reads in pertinent part:

                    [b]efore filing any motion in a civil case, except a motion for injunctive
                    relief, for judgment  on the pleadings, for summary judgment, to dismiss or
                    to permit maintenance of a class action, to dismiss for failure to state a claim
                    upon which relief can be granted, or to involuntarily dismiss an action, the
                    moving party shall confer with counsel for the opposing party in a good faith
                    effort to resolve the issues raised by the motion, and shall file with the motion
                    a  statement  (1)  certifying  that  the  moving  counsel  has  conferred  with
                    opposing counsel and (2) stating whether counsel agree on the resolution of

> the motion.  *A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer.  The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion.*

M.D. Fla. Local Rule 3.01(g) (emphasis added).  **Future failures to comply with the Local Rules will result in the Motion being denied for failure to comply**.

As grounds, the Defendant pleads excusable neglect for the enlargement of the time to file a reply brief.  Pursuant to Fed. R. Civ. P. Rule 6(b)(1)(B), a party "may convince a federal district court to overlook [an] untimely act by demonstrating 'excusable neglect'." Demint v. NationsBank Corp., 208 F. R. D. 639, 641 -642 (M.D. Fla. 2002). (citing In re General  American  Life Insurance Co. Sales, 268 F.3d 627, 633 (8th Cir.2001)).  Determining whether the Defendant's conduct constitutes excusable neglect requires an analysis of the prevailing equities, "taking account of all the relevant circumstances surrounding" the Defendant's failure to file a reply brief as allowed by the Court. Demint , 208 F. R. D. at 642 (citing Pioneer Investor Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed.2d 74 (1993)). Pertinent factors include (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether the reason was within the Party's reasonable control; and (4) the presence or absence of good faith by the movant. Pioneer, 507 U.S. at 395.  Cases analyzing excusable neglect confirm that the factors prescribed by Pioneer necessarily overlap and are not precisely defined. However (and not surprisingly), the starting point and common denominator (indeed, the *sine qua non*) in every case employing an analysis of excusable neglect is an explanation of the reason for the delay. Demint ,

208 F. R. D. at 642.  In this respect, the Defendant merely states that it did not receive timely notice of the Court's Order granting leave to file a response to the Plaintiff's Objection even though the Court's Order granting leave to file a reply brief/ response was filed on the docket sheet (Doc. # 44) on March 30, 2011.   Yet the Defendant argues that it did not receive timely notice.

Nevertheless, excusable neglect (at least in circumstances not involving class action matters) is a flexible and somewhat forgiving notion. *See, e.g.,* Walter v. Blue Cross & Blue Shield United of Wisconsin*, 181 F.3d 1198, 1201-02 (11th Cir.1999) (finding excusable neglect for a one-month delay in responding to a motion to dismiss resulting from a clerical error and in absence of bad faith); Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir.1996) (finding excusable neglect for a six-day delay in filing a notice for trial de novo following a court-ordered arbitration resulting from attorney mis-communication and in absence of bad faith or dilatory intent).  The Court finds that there is no bad faith nor dilatory motive on the part of the Defendant.  Therefore, the Court will allow a brief extension of time to file a reply/ response to the Plaintiff's Objection to the Motion to Dismiss.

Accordingly, it is now

**ORDERED:**

The Defendant, Deutsche Bank and Trust Company Americas f/k/a Banker's Trust as Trustee and Custodian for GSAA 2006-2's Motion for Enlargement of Time or in the Alternative, Second Motion for Leave to File a Response to Plaintiff's Objection to Motion to Dismiss (Doc. #45) is **GRANTED**.

(1) The Defendant has up to and including **May 16, 2011**, to file its Reply to the Plaintiff's Objection to the Motion to Dismiss.

(2) The Reply is limited in Scope to the issues addressed in the Plaintiff's Objection and limited to **three (3) pages in length**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___11th___ day of May, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record