```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

AXEL R. MEIER; CHRISTINE BAUMEISTER-
MEIER,

                   Plaintiffs,

vs.                                   Case No.   2:09-cv-169-FtM-29SPC

DEUTSCHE BANK TRUST COMPANY AMERICAS
as Trustee and Custodian for GSAA
2006-2 formerly known as Banker's
Trust Company; JOHN DOE unknown
owner of securitized note,

                   Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on Defendant's Second Motion for Final Dismissal (Doc. #40). Plaintiff filed an Objection to Motion to Dismiss (Doc. #42) stating that he had "new evidence" and attached as Exhibit "A" a "Property Securitization Analysis Report" in support. Defendant then filed a response requesting that the Court disregard and/or strike the objection as a whole, including but not limited to Exhibit "A". (Doc. #47.) For the reasons set forth below, the case will be dismissed.

The operative pleading is the Second Amended Complaint (Doc. #39) filed by plaintiff Axel R. Meier (Meier) on January 27, 2011. Read liberally, as is required due to plaintiff's *pro se* status, Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003), the Second Amended Complaint alleges that defendant attempted to foreclose on plaintiff's home in a judicial proceeding but had no interest in

the property because the original mortgage note "cannot be produced" (Doc. #39, p. 1) and "has disappeared" (Id., ¶ 10), and therefore defendant has no standing to file a foreclosure lawsuit based on Carpenter v. Longan, 83 U.S. 271 (1872) (Doc. #39, ¶¶ 13, 14). The Second Amended Complaint also alleges that defendant's attempted use of an assignment of mortgage in a foreclosure complaint violated Carpenter (Doc. #39, pp. 1-2), and that the assignment of mortgage is null and void (Doc. #39, ¶14). Plaintiff alleges that defendant's foreclosure constituted a slander of title, a violation of the federal Fair Debt Collection Practices Act, and a violation of the Florida Consumer Collection Practices Act. (Doc. #39.)

The Second Amended Complaint purports to be filed by "plaintiffs" Meier and Christine Baumeister-Meier, but Meier is the only plaintiff listed in paragraph 1 and is the only person who signed the Second Amended Complaint. (Id.) Because Meier brings this action *pro se*, he is not permitted to represent the interest of others. See Franklin v. Garden State Life Ins., No. 10-14439, 2012 WL 953099, at *2 (11th Cir. Mar. 22, 2012). Therefore, the Second Amended Complaint will be dismissed without prejudice to the extent it attempts to state claims on behalf of Christine Baumeister-Meier.

As to Meier, defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and 41(b) because the Second Amended Complaint

fails to state sufficient facts to state any actionable claim. In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)); see also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff alleges claims pursuant to the Fair Debt Collection Practices Act (FDCPA) because defendant: (1) did not afford plaintiff the right "to view the Master Ledger"; (2) violated § 1692d by attempting to collect a debt, "the natural consequences were to harass, oppress and abuse the Plaintiff"; (3) violated § 1692e by using "false and misleading statements" in attempting to

collect a debt; and (4) violated § 1692f by threatening to take plaintiff's home "which it had no lawful right to take." (Doc. #39, ¶¶ 15, 20, 27-30.) No plausible violation of the FDCPA is set forth in the Second Amended Complaint.

"In order to prevail on a FDCPA claim, a plaintiff must prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002) (quoting Kaplan v. Assetcare, Inc., 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000)). In Warren v. Countrywide Home Loans, Inc., 342 F. App'x. 458, 460 (11th Cir. 2009), the Eleventh Circuit held that, except under Section 1692f(6), "enforcement of a security interest through the foreclosure process is not debt collection for purposes of the [FDCPA]." The facts plaintiff alleges, while sparse, fall within the conduct which is not "debt collection" under the FDCPA. Section 1692f(6) applies only to threats to take property by non-judicial action, which is not the situation here.[1] 15 U.S.C. § 1692f(6). Therefore, plaintiff fails to state a

---

[1] While plaintiff alleges in a conclusory fashion that defendant violated § 1692f by threatening to take plaintiff's home "which it had no lawful right to take" (Doc. #39, ¶30), nowhere does plaintiff allege that defendant took or threatened to take property by non-judicial action. Indeed, plaintiff alleges that defendant started the judicial process by filing a lawsuit. (Id., p. 2.)

plausible FDCPA claim, which requires dismissal of the federal claim.

Plaintiff states that defendant violated the Florida Consumer Collection Practices Act because it "brought a foreclosure action against the Plaintiff when it knew that such right did not exist because the assignment of mortgage is null and void" (Doc. #39, ¶ 31) as a violation of <u>Carpenter</u>, 83 U.S. 271. Plaintiff relies on Fla. Stat. § 559.552, but this provision merely states that the Florida Consumer Collection Practices Act (FCCPA) adds additional protection for consumers to the extent not inconsistent with the FDCPA. Plaintiff also relies upon Fla. Stat. § 559.72(9), which provides that no person shall "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Plaintiff's conclusory facts are insufficient to state a plausible cause of action under § 559.72(9).

The facts set forth in the Second Amended Complaint also fail to establish a plausible quiet title claim. Even if the mortgage note had "disappeared," a party may establish its operative parts by other proof if it is clear, strong and unequivocal. <u>American Sav. and Loan Ass'n of Florida v. Atlantic Inv. Corp.</u>, 436 So. 2d 442, 443 (Fla. 4th DCA 1983). Therefore, defendant was not

precluded from bringing a foreclosure lawsuit even if the note was not available.

Similarly, plaintiff fails to state a plausible slander of title claim because the mere bringing of a mortgage foreclosure action does not constitute slander of title. See <u>Dennis v. Am. Medical Express Corp.</u>, 763 So. 2d 392, 393 (Fla. 3d DCA 2000) (citing <u>Palmer v. Shelby Plaza Motel, Inc.</u>, 443 So. 2d 285, 286 (Fla. 2d DCA 1983)); <u>see also</u> <u>Bonded Inv. And Realty Co. V. Waksman</u>, 437 So. 2d 162, 164 (Fla. 2d DCA 1983).

The Court has provided plaintiff with ample opportunity and instructions as to the filing of a sufficient complaint. The Court dismissed plaintiff's original complaint without prejudice for lack of federal jurisdiction, but took the opportunity to explain in detail plaintiff's responsibilities and obligations regarding the filing of a proper complaint pursuant to Fed. R. Civ. P. 8 and 10. The Court instructed plaintiff to provide a short and plain statement "showing that plaintiffs are entitled to relief", adding that:

> Pursuant to Rule 10, the allegations should be set forth in separate numbered paragraphs, "each limited as far as practicable to a single set of circumstances," and each claim "founded on a separate transaction or occurrence" must be stated in a separate "Count." Further, Plaintiff must provide support in the statement of facts for the allegations in the counts to follow the factual statements. More than conclusory and vague allegations are required to state a cause of action.

(Doc. #19, p. 4.)  Plaintiff's Amended Complaint and Answer to Court Order (Doc. #20) remained largely the same as the original,

-6-

with the exception of an additional section titled "Plaintiff's Answer to Opinion and Order" which listed "additional evidence" of damages suffered by plaintiff. (Compare Doc. #1 with Doc. #20.) The Court again dismissed the complaint, but provided plaintiff with twenty-one days to file a second amended complaint, and made clear that the second amended complaint was plaintiff's "one last opportunity" to produce an appropriate complaint. (Doc. #35.) Despite the Court's clear instructions, on December 30, 2010, plaintiff responded with "Plaintiff's Answer to Order" (Doc. #37) instead of a second amended complaint. After defendant filed another motion to dismiss, the Court admonished plaintiff to provide a second amended complaint and again cautioned plaintiff that "the 'Second Amended Complaint' will remain subject to Federal Rule of Civil Procedure 8 and must state a plausible claim putting defendant on notice of the allegations." (Doc. #38.) Despite the Court's previous orders which detailed the deficiencies of plaintiff's earlier complaints, the Second Amended Complaint fails to set forth sufficient facts to state any cause of action. Therefore, the Court's dismissal will be with prejudice.

Accordingly, it is now

**ORDERED**:

1.   Christine Baumeister-Meier is not a plaintiff in the Second Amended Complaint, and any claims purporting to be brought on her behalf are **DISMISSED WITHOUT PREJUDICE.**

2.  Defendant's Second Motion for Final Dismissal (Doc. #40) is **GRANTED** and all claims by Axel R. Meier are **DISMISSED WITH PREJUDICE.**

3.  The Clerk shall enter judgment accordingly, terminate all deadlines and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of April, 2012.

> JOHN E. STEELE
> United States District Judge

Copies:
Counsel of record
Pro se parties